ED CARNES, Chief Judge,
dissenting:
Because James McDonough covertly recorded a conversation with the police chief during a meeting, he received a letter from the State Attorney’s Office threatening, in no uncertain terms, to prosecute him for violating Florida’s Wiretap Act if he engaged in similar recording activity in the future. Because of the threat, McDonough filed this lawsuit seeking a declaratory judgment that it would violate the First Amendment to prosecute him for covertly recording the chief or other law enforcement authorities in the same or similar circumstances, and also asking for an injunction prohibiting the State Attorney from prosecuting him.
Instead of deciding whether the threatened prosecution violates the First Amendment and the State Attorney should be enjoined, the Court tells McDonough not to worry about it. He shouldn’t worry about it because what he did before and wants to do again does not, in the Court’s view, violate the Florida Wiretap Act. That will come as news to the State Attorney and to some of us who have read the various (and varied) Florida appellate court decisions interpreting that act.
The Court remands this case to the district court for further proceedings consistent with this opinion “if necessary.” Mc-Donough wants to do something that the State Attorney has threatened to prosecute him for doing. There are, I suppose, two possibilities about whether more will be necessary on remand and, if so, what more. One possibility is that the State Attorney will read the opinion and be persuaded by it, apologize for bothering Mc-Donough, and assure him that he can continue to covertly record conversations in circumstances like those that prompted her unfriendly letter to him in the first place.
The second possibility is that the State Attorney will not disavow her intent to prosecute McDonough if he commits this type of conduct again in the future. If that is the situation, McDonough will be back where he started, except that he has been told not to bother this Court with his constitutional claim. The only way for him to get protection from prosecution is for the district court to enjoin the State Attorney from prosecuting him on the ground that this Court has determined that his conduct does not violate Florida law. To conduct further proceedings “consistent with this opinion” the district court will have to declare that McDonough’s conduct does not violate the Florida Wiretap Act and enjoin the State Attorney from prosecuting him. Failing to do that would be “[injconsistent with this opinion” and its holding that the conduct in question is not contrary to Florida law.
In order to comply with this Court’s remand instructions, the district court will have to do what the Supreme Court has unequivocally held that federal courts cannot do, which is lecture state officials on *1322 state law. The reason they cannot do that, the Court has explained, is that: “[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal eourt instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.” Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984). This Court has done what Pennhurst instructs us not to do, which is tell the State Attorney “how to conform [her] conduct to state law.” If she prosecutes McDonough for his covert recording activities, this Court says, she will not be conforming her conduct to Florida law.
To avoid deciding a First Amendment issue, the Court violates the Eleventh Amendment. While federal courts “should avoid reaching constitutional questions if there are other grounds upon which a case can be decided,” BellSouth Telecomms., Inc. v. Town of Palm Beach, 252 F.3d 1169, 1176 (11th Cir. 2001), we cannot do so at the Eleventh Amendment’s expense, see Pennhurst, 465 U.S. at 121-23, 104 S.Ct. at 919-20 (“[Considerations of policy cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a State.”). Because of Pennhurst and the principles it espouses, I cannot join the constitutional avoidance effort in this case. We should, as a Court, reach and decide the First Amendment issue and not instruct Florida officials how they must read the law of that state.